IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02671-BNB

DONALD WOODWARD,

      Applicant,

v.

DAVID M. ZUPAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Donald Woodward, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the San Carlos Correctional

Facility in Pueblo, Colorado.  On October 1, 2013, Mr. Woodward filed *pro se* an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1)

challenging the validity of his conviction in Denver District Court Case No. 07CR3838.

He paid the $5.00 filing fee in a habeas corpus action.

In an order filed on October 9, 2013, Magistrate Judge Boyd N. Boland directed

Respondents to file a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On November 7, 2013, after being granted

an extension of time, Respondents submitted their pre-answer response (ECF No. 12).

On November 26, 2013, Mr. Woodward filed a reply (ECF No. 13) to the pre-answer

response.

The Court must construe Mr. Woodward's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Following a jury trial, Mr. Woodward was convicted in Denver District Court Case No. 07CR3838 on charges of first-degree burglary and second-degree aggravated motor vehicle theft. ECF No. 1 at 72. On April 7, 2008, the trial court sentenced him to concurrent sentences of twelve years on the first-degree burglary conviction and six years on the second-degree aggravated motor vehicle theft conviction. ECF No. 1 at 2, 16. On March 24, 2011, the Colorado Court of Appeals affirmed the sentences on direct appeal. ECF No. 1 at 71-84 (*People v. Woodward*, No. 08CA1090 (Colo. Ct. App. Mar. 24, 2011)). On July 5, 2011, the Colorado Supreme Court denied certiorari review. ECF No. 1 at 85. Mr. Woodward did not appeal to the United States Supreme Court.

On November 17, 2011, Mr. Woodward filed a motion for reduction of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure (ECF No. 1 at 88-91; ECF No. 12, ex. A (state register of actions) at 2), which the trial court denied on November 21, 2011. ECF No. 1 at 106; ECF No. 12, ex. A at 2. Mr. Woodward did not appeal the denial, and has not filed anything in state court since. ECF No. 1, ex. A at 2.

On October 1, 2013, Mr. Woodward filed the instant habeas corpus application raising three claims:

>     (1)    Applicant's right to a fair trial was violated when police officers gave false testimony at trial. ECF No. 1 at 5.

2

> (2)     Applicant's right to a fair trial was violated by the police department's failure to secure a video or audio recording of Applicant's confession.  *Id.* at 6.
>
> (3)     Applicant's rights to due process and a fair trial were violated when the trial court allowed the prosecutor to elicit a statement by Applicant revealing that Applicant previously had been incarcerated.  *Id.* at 6, 22.

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Woodward's criminal case became final.  The Colorado Supreme Court denied certiorari review in Mr. Woodward's direct appeal of his criminal conviction on July 5, 2011.  Mr. Woodward did not seek a writ of certiorari from the United States Supreme Court.  As a result, his conviction became final ninety days later, on October 3, 2011, when the time in which he could have petitioned for review in the United States Supreme Court expired.  *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Therefore, the one-year limitations period for purposes of § 2244(d) began to run on October 3, 2011, the date that direct appeal concluded.  *See Holland v. Florida*, 560 U.S. 631, 635 (2010).

The Court next must determine whether Mr. Woodward's state court postconviction motion tolled the one-year limitation period.  Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  The issue of whether a postconviction motion is pending is a matter of federal law.  *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which

4

the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The one-year period of limitation ran for **45 days** from October 3, 2011, until

November 17, 2011, when Mr. Woodward filed a motion for reduction of sentence

pursuant to Colo. R. Crim. P. 35(b).  On November 21, 2011, the trial court denied the

motion.  Mr. Woodward did not appeal, and had forty-five days from November 21,

2011, until January 5, 2012, to do so.  *See* Colo. App. R. 4(b) (2011) (subsequently

amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine

days for appeal).  The limitation period then ran uninterrupted for the next **320 days**,

and expired on November 20, 2012.  Mr. Woodward did not file his § 2254 application in

this Court until October 1, 2013.  Therefore, the application is untimely.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland*, 560 U.S. at 649.  Generally, equitable tolling is

appropriate if the applicant shows both "that he has been pursuing his rights diligently"

and "that some extraordinary circumstance stood in his way" and prevented him from

filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v.

Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not

sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.   Furthermore, in

order to demonstrate he pursued his claims diligently, the habeas corpus applicant must

"allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang

v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).  Mr.

Woodward bears the burden of demonstrating that equitable tolling is appropriate in this

action.  *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).  *McQuiggin*, 133 S. Ct. at 1928.  However, "tenable actual-innocence gateway pleas are rare."  *Id.*  To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)).  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1928, 1935.  Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence."  *McQuiggin*, 133 S. Ct. at 1936.  Thus, "a federal habeas court, faced with an actual-innocence gateway claim,

6

should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Mr. Woodward fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons.  Therefore, the Court finds no basis for equitable tolling in this action.  For these reasons, the Court finds that this action is barred by the one-year limitation period, and the action will be dismissed for that reason.  Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Woodward files a notice of appeal he also must pay the full $505.00  appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

7

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __7th__ day of ___February_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court